IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUAN MANUEL MILLAN ROCHA,<br><br>Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:04-CR-60-TC |

Defendant Juan Manuel Millan Rocha has filed two motions to dismiss the Indictment. Specifically, he contends that the United States has violated his right to a speedy trial under the Sixth Amendment and under the Speedy Trial Act, 18 U.S.C. § 3161(b) (requiring trial to occur within seventy days of the public filing of an information or indictment). (See Dkt #s 136 & 138.) A hearing on both motions was held on October 31, 2006.

**Defendant's Motion Under the Speedy Trial Act**

During the hearing, Mr. Rocha's counsel conceded that the seventy-day statutory period under the Speedy Trial Act has not expired (given time excluded under 18 U.S.C. § 3161(h)(1)(F)), and so no Speedy Trial Act violation has occurred. Accordingly, the court is left with the question of whether Mr. Rocha's constitutional right to a speedy trial under the Sixth Amendment has been violated.

**Defendant's Motion Under the Sixth Amendment**

To determine whether the court should dismiss the Indictment for violation of Mr. Rocha's speedy trial right under the Sixth Amendment,[1] the court must balance four factors: (1) length of the post-accusation delay; (2) reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant.  Barker v. Wingo, 407 U.S. 514, 530 (1972).  "None of these factors, taken by itself, is 'either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.  Rather they are related factors and must be considered together with such other circumstances as may be relevant.'"  Jackson v. Ray, 390 F.3d 1254, 1260-61 (10th Cir. 2004) (quoting Barker, 407 U.S. at 533).

    1.    **Length of Post-Accusation Delay**

On January 27, 2004, the United States filed a complaint against Mr. Rocha.  On February 4, 2004, Mr. Rocha was indicted on similar charges.  Since then, approximately two years and nine months have passed.

According to the United States Supreme Court, "[t]he length of the delay is to some extent a triggering mechanism.  Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."  Barker, 407 U.S. at 530.  Clearly, the two year and nine month delay in Mr. Rocha's case triggers a review of the remaining factors.  See Doggett v. United States, 505 U.S. 647, 652 n.1 (1992) (finding, in analysis of first Barker factor, that, "[d]epending on the nature of the charges, the lower courts

---

[1] Mr. Rocha's speedy trial right arose at the time he was indicted.  See Jackson v. Ray, 390 F.3d 1254, 1261 (10th Cir. 2004) ("The general rule is that the speedy trial right attaches when the defendant is arrested or indicted, whichever comes first.") (citing United States v. Marion, 404 U.S. 307, 320-21 (1971)).

have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year"); United States v. Batie, 433 F.3d 1287, 1290 (10th Cir. 2006) ("Delays approaching one year generally satisfy the requirement of presumptive prejudice") (citing Doggett); Jackson, 390 F.3d at 1261 (quoting Doggett for same proposition); United States v. Brodie, 326 F. Supp. 83, 88 (D.D.C. 2004) (holding that one-year delay was considered "sufficiently long to raise the presumption of prejudice, and therefore, to trigger consideration of the remaining factors.").

### 2. Reason for the Delay

Various factors contributed to the delay.

On March 1, 2004, Mr. Rocha filed a motion to suppress evidence. That motion was not decided until nine months later, on December 6, 2004 (final argument was held on November 22, 2004). During the nine-month period, Mr. Rocha filed two requests for extensions of time to prepare his memorandum in support of the motion to suppress (one on March 19, 2004, and one on April 26, 2004). He also filed a motion to continue the first final argument hearing (which was to be held on June 7, 2004), and moved to vacate the August 20, 2004 evidentiary hearing, after which a briefing schedule was set (apparently there was no need for the evidentiary hearing based on documents received from the government). Once, the United States requested a ten-day extension to file its brief in preparation for November 22, 2004 final argument.

In a separate but related matter, on April 26, 2004, Mr. Rocha filed a request for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). That motion was denied by the court on May 13, 2004. A motion for reconsideration of the denial of a Franks hearing was filed by Mr. Rocha on June 25, 2004. The court denied the motion for reconsideration on August 9, 2004. Also, Mr. Rocha also filed a motion for discovery that was handled by a United States Magistrate

Judge.

On November 22, 2004 (the date final argument was heard on the motion to suppress), Mr. Rocha filed a motion for a competency hearing. On December 2, 2004, he filed a motion for a psychiatric examination. This was granted the next day, and Mr. Rocha was transferred to a medical facility.

On January 13, 2005, Mr. Rocha filed a Motion to Continue Trial Until After Mental Health Hearing to Determine Competency of Defendant Pursuant to 18 USCS § 4241(b) and 4247(b) & (c). Mr. Rocha sought continuance of the January 31, 2005 trial date (the second trial date set in the case) because no competency evaluation had yet been received and a mental health hearing had not been scheduled. The United States did not oppose the continuance. The court granted the continuance. "[I]t is ordered that the trial scheduled in this matter on January 31, 2005 is continued until the mental health issues are resolved." (Jan. 19, 2005 Order (Dkt # 86).)

In the court's minute entry for a March 2, 2005 status conference, the court noted that Mr. Rocha was still undergoing a psychiatric evaluation. A trial date was set for May 16, 2005, and the court ordered that time from January 31, 2005 to May 16, 2005, was excluded from Speedy Trial Act computations.

On May 11, 2005, Mr. Rocha filed another motion to continue trial until after completion of a mental health hearing. The motion noted that Mr. Rocha had been sent to a different facility and that no evaluation report had yet been received. That motion to continue was granted on May 16, 2005, and the case was continued until July 26, 2005.

On June 20, 2005, the court held a mental competency hearing after an evaluation report was received (the report found Mr. Rocha incompetent to stand trial but noted the possibility

that, with treatment, Mr. Rocha could be restored to competency). On August 26, 2005, the court issued an order for psychiatric treatment of Mr. Rocha for a period not to exceed four months to restore him to competency. On September 28, 2005, the court issued another order for Mr. Rocha to be treated at a different facility. On March 21, 2006, the court issued another order for psychiatric treatment. All this time, the treatment facility found Mr. Rocha to be incompetent to stand trial but also stated in its report that, with treatment, Mr. Rocha could be restored to competency. Indeed, the latest report, dated August 28, 2006, recommends once again that Mr. Rocha's treatment be continued because his competency to stand trial may be restored. On September 25, 2006, Mr. Rocha filed his motion to dismiss.

The court finds that the delay was not attributable to the United States. Rather, Mr. Rocha's motions, requests for extensions of time, and requests for continuances of hearing and trial dates, along with the continued treatment of Mr. Rocha (to which Mr. Rocha and his counsel never objected) contributed to the delay.[2] There certainly is no evidence that the United States negligently, much less deliberately, delayed the case. This factor weighs in favor of the government, which has satisfied its burden to explain and justify the delay. See United States v. Batie, 433 F.3d 1287, 1291 (10th Cir. 2006) ("[C]ontinuances and other motions filed by the defendant do not weigh against the government.").

### 3.     Defendant's Assertion of his Right to a Speedy Trial

"Perhaps the most important [factor] is whether the defendant has actively asserted his

---

[2]By noting that a significant portion of the delay is attributed to Mr. Rocha's motions, the court does not in any way suggest that his motions were frivolous, lacking in merit, or improperly motivated.

right to a speedy trial.  This is not satisfied merely by moving to dismiss after the delay has occurred. . . . The question, instead, is whether the defendant's behavior during the course of litigation evinces a desire to go to trial with dispatch."  Batie, 433 F.3d at 1291.  Nothing in the record shows an objection by Mr. Rocha to his continued treatment by the Federal Bureau of Prisons, which treatment has been a significant source of delay.  And, as noted above, other delays have been attributed to Mr. Rocha's own motions and requests for continuances.  It seems that the first time Mr. Rocha asserted his right to a speedy trial was when he filed his Motion to Dismiss on September 25, 2006.  Given the circumstances, the court finds that this factors weighs slightly against Mr. Rocha.

### 4. Prejudice to the Defendant

Mr. Rocha bears the burden of establishing prejudice.  Jackson, 390 F.3d at 1264. Depending on the circumstances, this factor can be satisfied by a defendant "with or without a particularized showing of prejudice."  Id. at 1263.

Mr. Rocha contends that he has been prejudiced because the delay has impaired his defense.  "[T]ime has eroded memories, [and] physical evidence."  (Def.'s Mot. to Dismiss (Dkt # 138) at 8.)  He says he has been prejudiced in his ability to find witnesses and by the unavailability of at least one deported witness.  (See id. at 10-11.)  But he does not provide specific examples, as is normally required.

> In arguing that the unavailability of a witness impaired the defense, a defendant must "state[] with particularity what exculpatory testimony would have been offered."  United States v. Tranakos, 911 F.2d 1422, 1429 (10th Cir. 1990). . . . The defendant must also present evidence that the delay caused the witness's unavailability.  Gutierrez v. Moriarty, 922 F.2d 1464, 1472 (10th Cir. 1991).

Jackson, 390 F.3d at 1265.  Instead, Mr. Rocha contends that the situation in his case does not

require him to make a particularized showing of prejudice.

He relies on what he deems to be a presumption of prejudice articulated in <u>Doggett v. United States</u>, 505 U.S. 647 (1992). The court finds that the presumption of prejudice arising out of the extreme circumstances in <u>Doggett</u> (an eight and one-half year delay between indictment and arrest, with six years of delay attributed to government oversight) simply does not apply here. <u>See also</u> <u>Jackson</u>, 390 F.3d at 1264 (holding that four and one-third year delay did not justify application of the presumption set forth in <u>Doggett</u>). Accordingly, without more particularized evidence of prejudice, the court will not weigh this factor in Mr. Rocha's favor.

**Conclusion**

Balancing all of the <u>Barker</u> factors discussed above, the court finds that Mr. Rocha's Sixth Amendment constitutional right to a speedy trial has not been violated.

**ORDER**

For the foregoing reasons, Defendant Juan Manuel Millan Rocha's Motion to Dismiss for violation of the Speedy Trial Act (Dkt # 136) is DENIED, and Mr. Rocha's Motion to Dismiss Pursuant to <u>Barker v. Wingo</u>, 407 U.S. 514 (1972) (Dkt # 138) is DENIED.

SO ORDERED this 1st day of November, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge